# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUENTIN D. SPEARS,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 23-CV-1629-JPS<br><br>**ORDER** |

  On December 4, 2023, Petitioner Quentin D. Spears ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Petitioner's motion.

**1.  BACKGROUND**

  Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Quentin D. Spears*, 22-CR-68-JPS (E.D. Wis.).[1] The Court sentenced Petitioner to a total term of imprisonment of one hundred and ten (110) months, to operate to run concurrently with the balance of the sentence Petitioner was serving in Dane County Circuit Court Case No. 14CF2262, following his guilty plea to knowing and intentional possession with intent to distribute a mixture and substance containing heroin. CR-ECF Nos. 35, 17. "In accordance with the provisions found in U.S.S.G. 5G1.3(b)(1)," this sentence "reflect[ed] a downward adjustment from the one hundred and sixteen (116) month sentence the Court would have otherwise imposed . . . to ensure that [Petitioner] receive[d] a credit of six (6) months toward his Federal sentence that the

---

[1] Docket references thereto will be cited as CR-ECF.

Bureau of Prisons would not have otherwise credited . . . ." ECF No. 35 at 2.

Petitioner, through counsel, filed a notice of appeal on December 14, 2022. CR-ECF No. 40. He then filed an unsigned pro se notice of appeal, which was dated December 13, 2022 and received on December 20, 2022. CR-ECF No. 45. Petitioner then moved to voluntarily dismiss these appeals, which motions the Seventh Circuit granted in early 2023. CR-ECF Nos. 50, 51.

Petitioner purports to raise four grounds for relief, which the Court understands as enumerated below:

1. that the Court erroneously failed to credit Petitioner "the full 18 months served on a related state sentence" (Dane County Circuit Court Case No. 14CF2262) ("Ground One");

2. that Petitioner was erroneously classified as a career offender under U.S.S.G. § 4B1.1 ("Ground Two");

3. that Petitioner's advisory Guidelines sentencing range was miscalculated ("Ground Three");[2] and

4. that Petitioner's trial counsel was constitutionally ineffective for failing to "be[] aware of the claims presented by [Petitioner] in this . . . petition," i.e., for failing to object to (a) the allegedly miscalculated Guidelines sentencing range, (b) Petitioner's receipt of 6 months of credit instead of "the full 18 months served" in

---

[2]Petitioner's Ground Three is presented as interconnected with Grounds One and Two. ECF No. 1 at 13 ("[B]y not making the full § 5G1.3(b)(1) adjustment, the district court miscalculated [Petitioner's] Guidelines range.") (citing *United States v. Estrada*, 312 F. App'x 664, 666 (5th Cir. 2009)); *id.* at 30–31 ("Had this Court properly calculated ["Petitioner's] sentencing parameters, accounting for the full 18 months served in state custody on the relevant offense, and devoid of the career offender designation, the resulting offense level would be 29 and his criminal history category would have been V instead of VI. These parameters result in an advisory range of 140–157 months," in contrast to the "erroneous . . . 188–235 months" advisory range).

> Dane County Circuit Court Case No. 14CF2262; and (c) the classification of Petitioner as a career offender. ("Ground Four").

ECF No. 1 at 1–2, 29.

## 2. SCREENING

The Court must now screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Petitioner's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a

Page 3 of 9
Case 2:23-cv-01629-JPS   Filed 12/27/23   Page 3 of 9   Document 2

certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1.

Alternatively, "[i]f a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 U.S. Dist. LEXIS 45610, at *4 (C.D. Ill. March 15, 2022) (citing *Clay*, 537 U.S. at 524–25). And when a petitioner files a notice of appeal but then moves to voluntarily dismiss his appeal, the conviction becomes final "90 days after [the petitioner] voluntarily dismissed his . . . appeal and the Seventh Circuit issued the mandate." *Gulley v. United States*, No. 17-2122, 2017 U.S. Dist. LEXIS 86850, at *7 (C.D. Ill. June 5, 2017) (citing *Lantham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) ("A notice of appeal from a final decision puts the case in the court of appeals . . . . That some later event—such as the issuance of mandate or the denial of a certificate of appealability—puts the case 'out' again does not defeat the Supreme Court's authority . . . . So 90 days to seek certiorari is added to [the date the Court of Appeals dismissed the appeal and issued the mandate] . . . .") (internal citation omitted); *Clay*, 537 U.S. at 525; and Sup. Ct. R. 13.1)).

Petitioner's judgment of conviction was entered on December 2, 2022. CR-ECF No. 35. He had until December 16, 2022 to appeal. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."). Petitioner, by counsel, timely filed a notice of appeal on December 14, 2022. CR-ECF No. 40. Similarly,

Page 4 of 9
Case 2:23-cv-01629-JPS   Filed 12/27/23   Page 4 of 9   Document 2

Petitioner's unsigned pro se notice of appeal was dated December 13, 2022. CR-ECF No. 45.

The Seventh Circuit dismissed these appeals on Petitioner's motions on January 23, 2023 and February 7, 2023, respectively. CR-ECF Nos. 50, 51. Since Petitioner did not seek a writ of certiorari, his conviction became final 90 days therefrom—on either May 29, 2023 or June 13, 2023. Petitioner then had a year therefrom within which to file his § 2255 motion. Irrespective of which date is operative, he did so, having mailed his § 2255 motion on November 28, 2023. ECF No. 1 at 36. Petitioner's motion is therefore timely, irrespective of the application of the prison mailbox rule.[3]

### 2.2    Procedural Default

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically barred

---

[3]Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *See also Thornton v. Cromwell*, No. 22-C-469, 2022 U.S. Dist. LEXIS 173762, at *5 (E.D. Wis. Sept. 26, 2022) ("Under the 'prison mailbox rule,' a federal habeas petition is deemed filed when the petitioner hands it over to the prison authorities for mailing to the district court.") (citing *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999)).

from the Court's collateral review. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are several exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Petitioner may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Lastly, the court may set aside a procedural default if enforcing it would lead to a "miscarriage of justice"—i.e., "the conviction of an innocent person." *Anderson v. Benik,* 471 F.3d 811, 815 (7th Cir. 2006); *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005).

One of Petitioner's four grounds for relief sounds in ineffective assistance of counsel—Ground Four. Because claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion, this claim is not procedurally defaulted. *Massaro*, 538 U.S. at 504.

Petitioner's Grounds One through Three, however, are not grounded in ineffective assistance of counsel. Nor does Petitioner assert that there was cause for his failure to raise these claims earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley*, 523 U.S. at 621). Nor does he argue a miscarriage of justice—at least, not in the procedural default sense of invoking actual innocence. ECF No. 1 at 31–33 (arguing that the alleged miscalculation of his advisory sentencing range constitutes a miscarriage of justice, but not that it would be a miscarriage of justice not to proceed to the merits of his motion). Accordingly, Petitioner cannot proceed on Grounds One through Three for the first time in habeas.

Page 6 of 9
Case 2:23-cv-01629-JPS   Filed 12/27/23   Page 6 of 9   Document 2

### 2.3 Cognizable Claims

The Court next considers whether the claims are cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court cannot, at this stage, conclude that Petitioner's remaining ground for relief—Ground Four—is plainly meritless. Petitioner may therefore proceed in this action on Ground Four.

### 3. CONCLUSION

In light of the foregoing, the Court will dismiss Grounds One through Three and will set a briefing schedule with respect to Ground Four.

Accordingly,

**IT IS ORDERED** that Grounds One through Three of Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same are hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following briefing schedule:

1. Within 30 days of entry of this order, Respondent shall file either an appropriate motion seeking dismissal of this action or an answer to Petitioner's motion, complying with Rule 5 of the Rules Governing § 2255 Cases.

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

> a. Petitioner shall have 30 days after the filing of Respondent's answer within which to file a brief in support of his motion, providing reasons why his conviction should be vacated.
>
> b. Respondent shall file an opposition brief, with reasons why Petitioner's conviction should not be vacated, within 30

days of service of Petitioner's brief, or within 60 days from the date of this order if no brief is filed by Petitioner.

    c.    Petitioner may then file a reply brief, if he wishes to do so, within 15 days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a.    Petitioner shall have 30 days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b.    Respondent shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the motion to vacate or a dispositive motion filed by Respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.