| | |
|---|---|
| QUENTIN D. SPEARS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 23-CV-1629-JPS<br><br>**ORDER** |

### 1.   INTRODUCTION

On December 4, 2023, Petitioner Quentin D. Spears ("Petitioner") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1. The Court screened the motion in accordance with Rule 4 of the Rules Governing § 2255 Proceedings, concluding that only his ineffective assistance of counsel ground for relief could proceed. ECF No. 2 at 6–7. Petitioner failed to timely file a brief in support of his motion. *See id.* at 7 (noting that Petitioner's brief in support was due thirty days after the filing of Respondent's answer). Respondent opposed the motion, ECF No. 10, and Petitioner failed to timely reply. *See* ECF No. 9 at 2.

The Court will now address the merits of Petitioner's § 2255 motion. For the reasons discussed herein, the Court will deny the motion and dismiss this case with prejudice.

### 2.   BACKGROUND

Petitioner's § 2255 motion arises from his criminal proceedings before this Court in *United States v. Quentin D. Spears*, 22-CR-68-JPS (E.D. Wis.).[1] In March 2022, Petitioner was charged in a three-count Indictment

---

[1] Docket references thereto will be cited as CR-ECF.

of possession with intent to distribute fentanyl and heroin, possession of a firearm in furtherance of drug trafficking, and possession of a firearm as a felon. CR-ECF No. 1 at 1–3. In August 2022, the Government filed an Information charging Petitioner with a single count of possession with intent to distribute heroin. CR-ECF No. 15. Petitioner pleaded guilty to the Information, CR-ECF No. 17, and was sentenced in December 2022 as a career offender to 110 months' imprisonment, to operate to run concurrently with the balance of the sentence that Petitioner was serving in a state court case (the "State Case"). CR-ECF No. 29 at 6; CR-ECF No. 35 at 2. The sentence imposed reflected a downward adjustment from the 116-month sentence the Court would have otherwise imposed to ensure that Petitioner received a credit of six months that the Bureau of Prisons would not have otherwise credited. CR-ECF No. 35 at 2. Petitioner is incarcerated at Marion FCI with a projected release date of September 23, 2030. Inmate Locator, FED. BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (last visited Aug. 30, 2024).

3.  **STANDARD OF REVIEW ON HABEAS**

    A person serving a sentence imposed by a federal court who is

    claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)).

"[W]here the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief," the court need not hold an evidentiary hearing. *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008) (quoting *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004)).[2]

## 4. LAW & ANALYSIS

### 4.1 Legal Standard

Courts apply the two-prong test, set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate the effectiveness of counsel. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). "The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea" and at sentencing. *Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) and citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *Eddmonds v. Peters*, 93 F.3d 1307, 1319 (7th Cir. 1996) (citing *Stewart v. Gramley*, 74 F.3d 132, 135 (7th Cir. 1996) and *Strickland*, 466 U.S. at 690–91).

"A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense." *Blake*, 723 F.3d at 879 (citing *Strickland*, 466 U.S. at 687–88; *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); and *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009)). "[A] court does not need to address the *Strickland* prongs in any particular order. If one prong is found to be insufficient, the court need not address the other prong." *Ruhl v. Hardy*, 743 F.3d 1083, 1092 (7th Cir. 2014) (citing *Strickland*, 466 U.S. at 697).

---

[2] Such is the case here. Accordingly, the Court declines to hold an evidentiary hearing and instead disposes of Petitioner's motion on the present record.

With respect to the first prong, the *Strickland* standard is "'highly deferential' to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quoting *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997)). There is a "strong presumption" that counsel's decisions constitute reasonable litigation strategy. *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995) ("[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel.").

At the sentencing stage, counsel "must make a significant effort, based on reasonable investigation and logical argument, to mitigate his client's punishment." *Eddmonds*, 93 F.3d at 1319 (quoting *Gramley*, 74 F.3d at 135 and *Kubat v. Thieret*, 867 F.2d 351, 369 (7th Cir. 1989)) (internal quotation marks omitted). "[C]ounsel may not treat the sentencing phase as nothing more than a mere postscript to the trial." *Kubat*, 867 F.2d at 369.

"Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground for relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) (citing *Bell v. Cone*, 535 U.S. 685, 697 (2002); *Strickland*, 466 U.S. at 690; and *Holman v. Gilmore*, 126 F.3d 876, 881–84 (7th Cir. 1997)).

Meanwhile, the prejudice prong is not met merely by a showing that "counsel's errors might have had an effect on the outcome." *Ruhl*, 743 F.3d at 1091. Instead, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 1091–92 (quoting *Strickland*, 466 U.S. at 694). At the plea stage, specifically, *Strickland*'s prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *Lafler*, 566 U.S. at 163 ("In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012) and *Hill*, 474 U.S. at 59)).

### 4.2 Analysis

Petitioner argues that his trial counsel, Attorney Dennise Moreno ("Attorney Moreno"), was constitutionally ineffective for failing to object to (a) the allegedly miscalculated sentencing range under the United States Sentencing Guidelines (the "Guidelines"); (b) Petitioner's receipt of six months of credit instead of "the full 18 months served" in the State Case; and (c) the classification of Petitioner as a career offender. ECF No. 2 at 2–3 (citing ECF No. 1 at 1–2, 29). This argument fails.

Petitioner's contention that Attorney Moreno was unaware of these issues and failed to object to them is in error. *See* ECF No. 1 at 29 ("Had trial counsel been more diligent, she would have been aware of the claims presented by [Petitioner] in this [motion] . . . ."). As Respondent notes, ECF No. 10 at 2, each of the topics of which Attorney Moreno was allegedly "[un]aware" were considered and addressed by her to the extent appropriate, as set forth in both the presentence investigation report ("PSR"), CR-ECF No. 29, the addendum thereto, CR-ECF No. 30, and Attorney Moreno's affidavit, ECF No. 6-1.

The Court first addresses Petitioner's argument with respect to the career offender enhancement. Attorney Moreno concedes that she did not object during the presentence investigation process to Petitioner's classification as a career offender because "she saw no issue with the technical [G]uideline calculations in the [PSR]." ECF No. 6-1 at 5. But she did argue in her sentencing memorandum that "although [Petitioner]

technically qualified as a career offender under the guidelines' text, there were several policy reasons [as to why] the Court should not be swayed by the career offender enhancement" for purposes of sentencing. Id. at 4–5 (citing CR-ECF No. 33 at 6). In other words, Attorney Moreno did in fact object to the career offender enhancement. Petitioner, moreover, averred "freely and voluntarily" by entering into the plea agreement that he understood that he "may qualify as a career offender under the . . . Guidelines." CR-ECF No. 17 at 3, 12. He freely accepted the risk of that possibility and cannot now be heard to complain of it. He has also failed to reply to Respondent's assertion that he "indisputably has two prior qualifying convictions for felony heroin distribution" such that he was appropriately deemed a career offender. ECF No. 10 at 4 (citing CR-ECF No. 29).

Notwithstanding the foregoing, the Court addresses the merits of Petitioner's career offender argument. The PSR noted that

> [i]n accordance with the provisions found under USSG § 4B1.1, the defendant is a career offender if [he] was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. The defendant has prior convictions in Dane County Circuit Court for Possession with Intent – Heroin (>3-10 Grams) [Wis. Stat. § 961.41(1m)(d)2] (Case No. 12CF000923) and Manufacture/Deliver Heroin (>3 Grams) [Wis. Stat. § 961.41(1)(d)1] (Case No. 14CF002262) and meets the criteria above.

CR-ECF No. 29 at 6.

Petitioner's argument goes to the last element of the enhancement—that he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner

argues that he does not meet this element because "[c]onvictions under Wis. Stat. § 961.41 are not properly considered controlled substance offenses to trigger the career offender enhancement . . . ." ECF No. 1 at 17. Specifically, he argues that "Section 961.41 . . . is . . . categorically broader than [U.S.S.G.] § 4B1.2(b)" and "the least criminalized act pursuant to the relevant statute(s) make it a categorical mismatch for the career offender designation." *Id*. at 26, 29.

> This argument has been rejected by the Seventh Circuit.
>
> [The defendant] argued that one of the predicate convictions identified in the PSR—a Wisconsin conviction for possession with intent to distribute cocaine in violation of sections 961.41(1m)(cm) and 939.05 of the Wisconsin Statutes—was categorically broader than the Guidelines definition of a 'controlled substance offense.' U.S.S.G. § 4B1.2(b). . . . We have already rejected [this] argument . . . . Because the definition of 'controlled substance offense' in the career-offender guideline encompasses inchoate offenses, the Wisconsin controlled-substances statute is a valid predicate.

*United States v. Stewart*, 813 F. App'x 241, 241–42 (7th Cir. 2020) (citing *United States v. Adams*, 934 F.3d 720 (7th Cir. 2019)); *see also Frazier v. Kallis*, No. 16-cv-1485, 2018 U.S. Dist. LEXIS 215525, at *7–8 (C.D. Ill. Dec. 20, 2018) (rejecting the defendant's argument that he should not have been designated a career offender because "his two convictions under Wisconsin law—Possession of THC with intent to manufacture, distribute, or deliver pursuant to Wis. Stat. Ann. § 961.41(1m)(h)(1) . . . and Manufacture, distribut[e,] or deliver[] . . . THC pursuant to Wis[.] Stat. Ann. § 961.41(1)(h)(1) . . . are broader than the definition of controlled substance offenses under USSG § 4B1.2(b)"). Given this authority, Attorney Moreno was not ineffective for failing to challenge the application of the career offender enhancement to Petitioner. *Moore v. United States,* 188 F. App'x 494, 496 (7th Cir. 2006) ("[F]ailure to raise a losing argument does not constitute

ineffective assistance of counsel." (citing *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001))).

Petitioner also argues that Attorney Moreno was ineffective with respect to Petitioner's receiving six, rather than eighteen, months of credit for time served in the State Case. But Attorney Moreno did ask the Court in her sentencing memorandum and at the sentencing hearing to order that Petitioner's sentence run "fully concurrent with the year and six months [Petitioner] ha[d] already served" on revocation from the State Case or, in effect, for the Court to grant a year and six months' worth of credit for time served in the State Case. CR-ECF No. 33 at 6; CR-ECF No. 49 at 6. Petitioner acknowledges this. ECF No. 1 at 12. The Court addressed that request at sentencing, CR-ECF No. 49 at 6, but it declined to grant the full amount of credit sought, for which decision Petitioner cannot fault Attorney Moreno. *See id.* at 6–7 (Court explaining at sentencing hearing that fully concurrent sentences such as that requested by Attorney Moreno are "not at all possible in this branch of the Court" because "there must be incremental punishment when offenders violate the terms of supervised release"); *Sullivan v. United States*, No. 15-1234, 2016 U.S. Dist. LEXIS 40664, at *28 (C.D. Ill. Mar. 29, 2016) ("[T]he fact that the objections were ultimately unsuccessful does not establish ineffective assistance.").

In addition to undertaking the above-described efforts, Attorney Moreno vigorously advocated for Petitioner by negotiating for the Government's dismissal of two of the three counts charged in the Indictment, greatly reducing Petitioner's sentencing exposure. *See* ECF No. 6-1 at 2. In the presentence investigation process, she successfully objected to the PSR writer's calculation of Petitioner's criminal history points. *Id.* at 4. She also ably represented Petitioner at sentencing, pointing out that this was Petitioner's first federal case and that he had accepted responsibility

for his actions. CR-ECF No. 49 at 12–14. Considered holistically, it cannot be said that her performance "fell below objective standards for reasonably effective representation." *Blake*, 723 F.3d at 879 (citations omitted).[3]

Lastly, the Court addresses Petitioner's argument that the deficiencies that he perceives in his conviction and sentencing constitute plain error. ECF No. 1 at 1, 31, 33. But "[t]he plain error standard applies to cases on direct appeal, not to a federal habeas petition challenging a . . . conviction," so that argument has no meaning here. *Wilmington v. Sternes*, 108 F. App'x 405, 411 n.2 (7th Cir. 2004) (citing *Engle v. Isaac*, 456 U.S. 107, 134 (1982)).

5.  **CONCLUSION**

As discussed herein, Petitioner has not demonstrated "that his trial counsel's performance fell below objective standards for reasonably effective representation." *Blake*, 723 F.3d at 879 (citations omitted). Accordingly, the Court will deny his § 2255 motion with prejudice.

The Court must address one additional matter. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner "need not show he is likely to prevail, but he must show that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[3]In light of that conclusion, the Court need not address the prejudice prong. *Ruhl*, 743 F.3d at 1092 (citing *Strickland*, 466 U.S. at 697).

adequate to deserve encouragement to proceed further.'" *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quoting *Slack*, 529 U.S. at 484).

In light of the well-settled principles governing the disposition of Petitioner's grounds for relief, as outlined above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Quentin D. Spears's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine all applicable rules and determine what, if any, further action is appropriate in a case.